# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHIVAS GRAVES,

    Defendant.

Case No.: 2:20-cr-00009-JAD-VCF

**Order and Order to Show Cause**

(Docket No. 80)

Pending before the Court is Defendant Chivas Graves' second motion to reopen detention hearing. Docket No. 80. The Court does not require a response from the United States Attorney's Office. For the reasons discussed below, the Court hereby **DENIES** Defendant's motion to reopen the detention hearing, Docket No. 80, and **ORDERS** counsel to show cause why he should not be sanctioned.

On May 29, 2019, Defendant was charged by complaint with conspiracy to distribute a controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(viii). Docket No. 1. On May 31, 2019, Defendant made his initial appearance before this Court. Docket No. 11. The Court appointed counsel to represent Defendant and, after counsel for the United States and for Defendant said they were ready to proceed, the Court held a detention hearing. *Id*.

After hearing the representations of counsel, the Court ordered Defendant detained, as a risk of nonappearance and danger to the community, pending trial. *Id*. The Court found:

> Based on the charge in the Complaint, there is a rebuttable presumption that the defendant is a risk of nonappearance and a danger to the community. Additionally, the defendant and his wife provided inconsistent information to Pretrial Services regarding several different areas. The defendant told Pretrial Services that they have been living at their residence for 8-12 months. The defendant's wife stated they have been living at their residence for 2 years. The defendant told Pretrial Services that he has been unemployed for the past couple of months. The defendant's wife

1

> stated that the defendant has been unemployed for the length of their relationship. The defendant talked about working side jobs and being a songwriter. The defendant's wife did not mention any of that information. The defendant told Pretrial Services that he is prescribed Albuterol for breathing problems. The defendant's wife stated that the defendant is not under the care of any physician and is not taking any prescribed medicine. The Court relies upon a defendant to be candid with Pretrial Services. If the defendant is not candid with Pretrial Services, then the Court cannot rely upon that defendant to follow conditions of release. The defendant has four felony convictions and two misdemeanor convictions. At least two of the felony convictions are drug-related and another is false imprisonment. One of the misdemeanor convictions involves a failure to appear. The defendant's residence is where the drugs and guns in the instant case were sold. The defendant provided the drugs that his co-defendant sold to the undercover agent. The defendant stated that he sells guns and drugs together with his co-defendant. The defendant further stated that he provides the drugs and his co-defendant provides the guns. As a result, the Court finds that the defendant has not rebutted the presumption in this case and there are no conditions or combination of conditions that the Court could fashion at this time to reasonably assure the defendant's future appearance in Court or to protect the community against the risk of danger posed by the defendant. Accordingly, the defendant is ORDERED DETAINED pending trial.

Docket No. 22 at 3.

On January 21, 2020, a grand jury sitting in Las Vegas, Nevada issued a criminal indictment charging Defendant with one count of conspiracy to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), and 846; one count of distribution of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii) and Title 18, United States Code, Section 2; one count of distribution of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii); and two counts of possession of a firearm by a prohibited person, in violation of Title 18, United States Code, Sections 922(g)(1)( and 924(a)(2). Docket No. 59.

On January 24, 2020, Defendant filed his first motion to reopen his detention hearing, pursuant to 18 U.S.C. § 3142(f). Docket No. 66. In that motion, Defendant made representations that certain information constituted new, material information. *Id*. at 2, 3-4. The Court found that

the exact issue presented in Defendant's motion to reopen had been specifically addressed in his detention hearing. Docket No. 77 at 5. The Court admonished Defendant's counsel that the Court "expects him to comply with Nevada Rule of Professional Conduct 3.3(a) and all other rules of professional conduct at all times while practicing before this Court," and that "[f]ailure to do so in the future may result in sanctions." *Id*. at 6.

On March 20, 2020, Defendant, through his counsel, filed the instant motion, which he characterizes as an emergency. Docket No. 80. The motion asks the Court to grant Defendant temporary release pursuant to 18 U.S.C. § 3142(i) because of the COVID-19 pandemic. *Id*. Specifically, the motion submits that Defendant "has a heightened risk of contracting severe forms of the COVID-19 virus because of his diagnosed severe diabetes…" *Id*. at 2, 12.[1] This statement, however, contradicts Defendant's own prior statements. In his interview with Pretrial Services at the time of his arrest, Defendant was asked about his health and said nothing about diabetes; in fact, he said he was not under the care of a physician. Additionally, Defendant's wife confirmed that Defendant was not under the care of a physician and not taking any prescribed medicine – she, too, mentioned nothing about diabetes.

The Court therefore finds that Defendant's motion is based on a fact that is not applicable to him.[2] Further, the Court finds that compelling reasons do not exist to release Defendant from a facility in which not one person has been diagnosed with COVID-19 or has even exhibited symptoms of the virus. Finally, the Court reaffirms its prior finding that no condition or combination of conditions exist that reasonably assure Defendant's future appearance in Court or protect the community against the risk of danger posed by Defendant.

For the reasons stated above, the Court finds that the information submitted by Defendant does not meet the standard required by Title 18, United States Code, Section 3142(f) to reopen his detention hearing.

Accordingly,

---

[1] Notably, Defendant provides no proof of his alleged medical condition.

[2] The Court finds Defendant's claim that he cannot adequately prepare his defense while detained similarly unpersuasive. *See* Docket No. 80 at 10.

3

1     **IT IS ORDERED** that Defendant's second motion to reopen detention hearing, Docket
2 No. 80, is hereby **DENIED**.

3     **IT IS FURTHER ORDERED** that Defendant's counsel, Dustin Marcello, must show
4 cause in writing, no later than April 3, 2020, why he should not be sanctioned in a court fine not
5 greater than $1,500 for failing to comply with the Court's order regarding Nevada Rule of
6 Professional Conduct 3.3(a). *See* Local Rule IA 11-8.

7     IT IS SO ORDERED.

8     DATED: March 25, 2020.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE