# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>CHIVAS GRAVES,<br><br>            Defendant. | Case No.: 2:20-cr-00009-JAD-VCF<br><br>**Order** |

On May 29, 2019, Defendant Chivas Graves was charged by complaint with conspiracy to distribute a controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(viii). Docket No. 1. On May 31, 2019, Defendant made his initial appearance before this Court. Docket No. 11. The Court appointed counsel to represent Defendant and, after counsel for the United States and for Defendant said they were ready to proceed, the Court held a detention hearing. *Id.*

After hearing the representations of counsel, the Court ordered Defendant detained, as a risk of nonappearance and danger to the community, pending trial. *Id.* The Court found:

> Based on the charge in the Complaint, there is a rebuttable presumption that the defendant is a risk of nonappearance and a danger to the community. Additionally, the defendant and his wife provided inconsistent information to Pretrial Services regarding several different areas. The defendant told Pretrial Services that they have been living at their residence for 8-12 months. The defendant's wife stated they have been living at their residence for 2 years. The defendant told Pretrial Services that he has been unemployed for the past couple of months. The defendant's wife stated that the defendant has been unemployed for the length of their relationship. The defendant talked about working side jobs and being a songwriter. The defendant's wife did not mention any of that information. The defendant told Pretrial Services that he is prescribed Albuterol for breathing problems. The defendant's wife stated that the defendant is not under the care of any physician and is not taking any prescribed medicine. The Court relies upon a

> defendant to be candid with Pretrial Services. If the defendant is not candid with Pretrial Services, then the Court cannot rely upon that defendant to follow conditions of release. The defendant has four felony convictions and two misdemeanor convictions. At least two of the felony convictions are drug-related and another is false imprisonment. One of the misdemeanor convictions involves a failure to appear. The defendant's residence is where the drugs and guns in the instant case were sold. The defendant provided the drugs that his co-defendant sold to the undercover agent. The defendant stated that he sells guns and drugs together with his co-defendant. The defendant further stated that he provides the drugs and his co-defendant provides the guns. As a result, the Court finds that the defendant has not rebutted the presumption in this case and there are no conditions or combination of conditions that the Court could fashion at this time to reasonably assure the defendant's future appearance in Court or to protect the community against the risk of danger posed by the defendant. Accordingly, the defendant is ORDERED DETAINED pending trial.

Docket No. 22 at 3.

On January 21, 2020, a grand jury sitting in Las Vegas, Nevada issued a criminal indictment charging Defendant with one count of conspiracy to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), and 846; one count of distribution of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii) and Title 18, United States Code, Section 2; one count of distribution of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii); and two counts of possession of a firearm by a prohibited person, in violation of Title 18, United States Code, Sections 922(g)(1)( and 924(a)(2). Docket No. 59.

On January 24, 2020, Defendant filed his first motion to reopen his detention hearing, pursuant to 18 U.S.C. § 3142(f). Docket No. 66. In that motion, Defendant made representations that certain information constituted new, material information that was unknown at the time of the detention hearing.[1] *Id*. at 2, 3-4. In its response to Defendant's motion, the United States pointed out that the information Defendant submitted in his motion was not, in fact, new information and

---

[1] Defendant's attorney, Dustin Marcello, was the attorney who appeared at the detention hearing and made arguments on behalf of Defendant. Docket No. 11. Mr. Marcello also submitted the motion to reopen Defendant's detention hearing. Docket No. 66.

2

had been both discussed in the Pretrial Services report and presented at the detention hearing.[2] Docket No. 76 at 3. Defendant's reply was due on February 14, 2020. Docket No. 71. Despite the fact that the United States' response clearly indicated that Defendant, through his counsel, made a misrepresentation in his motion, Defendant, through his counsel, failed to file a reply. *See* Docket.

The Court found that the exact issue presented in Defendant's motion to reopen had been specifically addressed in the Pretrial report and his detention hearing. Docket No. 77 at 5. The Court admonished Defendant's counsel that the Court "expects him to comply with Nevada Rule of Professional Conduct 3.3(a) and all other rules of professional conduct at all times while practicing before this Court," and that "[f]ailure to do so in the future may result in sanctions." *Id*. at 6.

On March 20, 2020, Defendant, through his counsel, filed a second motion to reopen his detention hearing, which he characterized as an emergency. Docket No. 80. The motion asked the Court to grant Defendant temporary release pursuant to 18 U.S.C. § 3142(i) because of the COVID-19 pandemic. *Id*. Specifically, the motion submitted that Defendant "has a heightened risk of contracting severe forms of the COVID-19 virus because of his diagnosed **severe** diabetes…" *Id*. at 2, 12 (emphasis added). Notably, Defendant provided no proof of medical condition. Additionally, the statement regarding Defendant's "diagnosed severe diabetes" contradicted Defendant's own prior statements. In his interview with Pretrial Services at the time of his arrest, Defendant was asked about his health and said nothing about diabetes; in fact, he said he was not under the care of a physician. Additionally, Defendant's wife confirmed that Defendant was not under the care of a physician and not taking any prescribed medicine – she, too, mentioned nothing about diabetes.

---

[2] The Assistant United States Attorney ("AUSA") who wrote the response to Defendant's motion is a different AUSA than the one who appeared at the detention hearing. *See* Docket Nos. 11, 76. Nonetheless, the AUSA who wrote the response was able to represent to the Court the information that was in the Pretrial report and what was argued by Defendant at the detention hearing.

As a result, on March 25, 2020, the Court ordered Mr. Marcello to show cause in writing, no later than April 3, 2020, why he should not be sanctioned in a court fine not greater than $1,500 for failing to comply with the Court's order regarding Nevada Rule of Professional Conduct 3.3(a). Docket No. 81 at 4.

Mr. Marcello has now filed his response to the Court's order to show cause. Docket No. 82. He has also filed certain of Defendant's medical records, along with a sealed motion for leave to file the records under seal.[3] Docket No. 85. The Court finds that Defendant's medical records, Docket Nos. 85-1 and 85-2, are appropriately filed under seal. Accordingly, the Court **GRANTS** Defendant's motion to seal. Docket No. 85. The motion to seal itself, however, was inappropriately filed under seal. Therefore, the Court **INSTRUCTS** the Clerk's Office to unseal the motion to seal, Docket No. 85, while the attachments to the motion, Docket Nos. 85-1 and 85-2, remain under seal.

In response to the Court's order to show cause, Mr. Marcello submits that Defendant was diagnosed with diabetes while in custody in Pahrump and he did not believe he had time to obtain medical records prior to filing his motion. Docket No. 82 at 3. This failure, however, "deprives the Court of its ability to meaningfully evaluate the medical claims made and whether those claims, weighed in light of the potential health risks posed by COVID-19, have a bearing on the Court's consideration of whether there are [appropriate] conditions of release" that the Court can impose. *United States v. Redmond*, 2020 WL 1436958, at *1 (D.Nev. March 24, 2020). The records now submitted support Mr. Marcello's statement that Defendant was diagnosed with diabetes while in custody; however, they do not support the claim in the motion to reopen that Defendant has been diagnosed with "severe" diabetes. Docket Nos. 85-2, 85-3.[4] While the Court has concerns about Mr. Marcello's submissions, the Court will not, in its discretion, sanction him at this time.

---

[3] Throughout his motion to seal, Mr. Marcello repeatedly refers to the "Magistrate." *See* Docket No. 85. There have been no "magistrates" in the federal system for more than a quarter century. *See, e.g.*, *Taddeo v. American Invsco Corp.*, 2015 WL 751072, *2 n.2 (D. Nev. Feb. 20, 2015) (discussing *Williams v. City of Mesa*, 2010 WL 2803880, *2 n.1 (D. Ariz. July 15, 2010)). When parties choose to use titles in filings before this Court, the Court expects them to use correct titles.

[4] Regarding his initial motion to reopen, Mr. Marcello submits that he "simply forgot" that he had already presented to the Court the information he submitted as new. Docket No. 82 at 5.

Accordingly,

The Court **DISCHARGES** the order to show cause. Docket No. 81. The Court **ADMONISHES** Mr. Marcello that he must comply with all Rules of Professional Conduct. Additionally, the Court **GRANTS** Defendant's motion to seal. Docket No. 85. The medical records at Docket Nos. 85-1 and 85-2 will remain **UNDER SEAL**. Finally, the Court **INSTRUCTS** the Clerk's Office to unseal the motion to seal itself, Docket No. 85, while the attachments to the motion, Docket Nos. 85-1 and 85-2, remain under seal.

IT IS SO ORDERED.

DATED: April 15, 2020.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

Even if "forgetting" did constitute a reason to submit a false statement to the Court, which it does not, Mr. Marcello does not indicate why he failed to correct his submission once the United States filed its response that clearly indicated he had previously presented the information. *See* Nevada Rule of Professional Conduct 3.3(a)(1) (A lawyer shall not knowingly "fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer").

5